NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  FRAUNHOFER-GESELLSCHAFT ZUR FORDERUNG DER ANGEWANDTEN FORSCHUNG E.V.,**
*Petitioner*

---

2022-125

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in No. 1:17-cv-00184-JFB-SRF, Magistrate Judge Sherry R. Fallon.

---

## ON PETITION

---

Before DYK, LINN, and TARANTO, *Circuit Judges*.

DYK, *Circuit Judge*.

## O R D E R

Fraunhofer-Gesellschaft zur Förderung der angewandten Forschung E.V. ("Fraunhofer") petitions this court for a writ of mandamus challenging a discovery order regarding the depositions of non-party foreign witnesses. Sirius XM Radio Inc. ("SXM") opposes.  For the reasons set forth below, the petition is denied.

BACKGROUND

The background facts of the underlying case have been reviewed in *Fraunhofer-Gesellschaft zur Förderung der angewandten Forschung E.V. v. Sirius XM Radio Inc.*, 940 F.3d 1372 (Fed. Cir. 2019). Briefly, Fraunhofer sued SXM for alleged infringement of four patents in the United States District Court for the District of Delaware, which dismissed the case under Federal Rule of Civil Procedure 12(b)(6) and denied Fraunhofer's motion for leave to amend. We vacated that judgment, reversed the denial of leave to amend, and remanded for further proceedings. *Id*. at 1383.

On remand, a discovery dispute arose regarding SXM's attempts to depose five named inventors of the asserted patents who have, so far, declined to voluntarily appear for deposition. From the parties' briefing, it appears undisputed that these individuals are foreign nationals residing in Germany, are not current employees or any sort of managing agent of Fraunhofer, and have not been designated by Fraunhofer to testify on its behalf. Based on language in their inventor assignment agreements with Fraunhofer, specifying that these individuals would, among other things, "testify in any interference or in any other legal proceeding, when requested," and "generally [ ] do everything possible to aid [Fraunhofer] to obtain and enforce proper patent protection on and for said invention in the United States," Appx99; Resp. at 6, SXM moved to compel Fraunhofer to produce these named inventors for deposition.

In November 2020, the magistrate judge ordered that "Plaintiff shall make the inventor witnesses available for deposition in accordance with their obligations to testify in any legal proceedings regarding the patent, as set forth in the inventor assignment agreements." Appx1 (Oral Order, Nov. 23, 2020) (the "Magistrate Order"). On December 7, 2020, Fraunhofer filed timely objections with the district court judge seeking review of the Magistrate Order.

Appx86–97.  SXM filed a response in opposition on December 21, 2020. Appx98–109.  The district court judge has not yet ruled on Fraunhofer's objections.  Nonetheless, under the local rules, the magistrate judge's nondispositive order governs the proceedings until the district court judge has completed review of any objections.  Standing Order for Objections Filed under Fed. R. Civ. P. 72 (D. Del. Oct. 8, 2013).

Fraunhofer in the meantime contacted the five individuals through German counsel and provided the Magistrate Order and the assignment agreements.  Pet. at 12; Resp. at 12.  After they refused to attend a deposition and further communications between the parties failed to resolve the dispute, on January 20, 2022, SXM requested that Fraunhofer be compelled to produce these fact witnesses for deposition before the case could proceed to expert discovery.  On January 27, 2022, Fraunhofer filed the instant petition for writ of mandamus seeking to challenge the Magistrate Order.  The same day, the magistrate judge ordered the discovery dispute be held in abeyance for 60 days or until resolution of this petition.

We have jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and 28 U.S.C. § 1295(a)(1).

## DISCUSSION

"[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a), but "the writ of mandamus is an extraordinary remedy[ ] to be reserved for extraordinary situations," *Waymo LLC v. Uber Techs., Inc.*, 870 F.3d 1350, 1357 (Fed. Cir. 2017) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988)) (alteration in original).  As such, "it may be used to overturn a district court order only when there has been a clear abuse of discretion or usurpation of judicial authority in the grant or denial of the order." *Connaught Lab'ys, Inc. v.*

4        IN RE: FRAUNHOFER-GESELLSCHAFT ZUR FORDERUNG

*SmithKline Beecham P.L.C.*, 165 F.3d 1368, 1370 (Fed. Cir. 1999) (internal quotation marks and citation omitted).

To obtain mandamus, the petitioner bears the heavy burden of showing: (1) there is "no other adequate means to attain the relief he desires;" (2) "his right to issuance of the writ is clear and indisputable;" and (3) "the writ is appropriate under the circumstances," a matter of discretion for the issuing court. *Waymo*, 870 F.3d at 1357 (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). "Failure to establish any of these three prerequisites may suffice to deny a petition." *Waymo*, 870 F.3d at 1357.[*]

At this stage of the proceedings, we conclude that Fraunhofer has not shown the absence of other adequate means to attain its desired relief. Fraunhofer fears that the Magistrate Order requires it to sue the named inventors in Germany in order to compel their attendance at deposition based on the assignment agreements. But the authority, scope, and effect of the Magistrate Order, as well as Fraunhofer's (non)compliance and appropriateness of sanctions (if any), are all unresolved disputes that are pending either before the magistrate judge or the district court judge. Fraunhofer has not shown that either, let alone both, of these alternative avenues of relief is inadequate.

---

[*] Given the parties' application of Federal Circuit law to this dispute, we will assume, without deciding, that Federal Circuit law applies. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000) ("Federal Circuit law applies when deciding whether particular written or other materials are discoverable in a patent case, because they relate to an issue of substantive patent law.").

Fraunhofer argues that the district court judge's delay in resolving its objections demonstrates the futility of these alternative avenues, but, significantly, these timeliness concerns have not been raised with the district court judge. Resp. at 15; Reply at 11. We are confident that, should the parties raise the issue, the district court judge will promptly address the long-pending objections. Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Moreover, as noted above, the pending disputes before the magistrate judge could also moot Fraunhofer's concerns. Of course, our decision should not be interpreted to mean that Fraunhofer will, in fact, attain the relief it seeks, but rather that these are currently available alternatives for adequate relief.

Based on the present circumstances of this case, we conclude that the exceptional remedy of mandamus is not available.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

March 22, 2022                    /s/ Peter R. Marksteiner
    Date                         Peter R. Marksteiner
                                 Clerk of Court